IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LaTonya Henderson, as Guardian of Tyjuan Gardner | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. |
| CITY OF CHICAGO, a municipal corporation, OFFICER WATKINS, Star #13775, a Chicago Police Officer, in his individual capacity, OFFICER QUARTERMAN, Star #10897, a Chicago Police Officer, in his individual capacity, CHICAGO POLICE OFFICER JOHN DOE #1, Star number unknown, in his individual capacity, CHICAGO POLICE OFFICER JOHN DOE #2, Star number unknown, in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Jurisdiction/Venue

1. This incident occurred on January 15, 2010, in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

Parties

3. At all relevant times pertaining to this occurrence; Plaintiff was a resident of Chicago, Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendants Watkins, Quarterman, John Doe #1 and John Doe #2, who were acting under color of law and in the course and scope of their employment with the City of Chicago.

Facts

5. On or about January 15, 2010, the Plaintiff was at the Chicago Transit Authority station located at 14 W. 95th Street, Chicago, Illinois.

6. Then and there, Defendants Watkins and Quarterman illegally stopped, seized, searched and arrested the Plaintiff without probable cause or any legal justification

7. During the seizure Defendant Watkins pushed Plaintiff about the body in the presence of Defendant Quarterman.

8. During the seizure Defendant Watkins hit Plaintiff, while handcuffed, in the left eye, in the presence of Defendants Quarterman and John Doe #1 and #2.

9. Defendants Watkins did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

10. Thereafter, Plaintiff was transported to the Chicago Police Department located at 7808 South Halsted, Chicago, Illinois and then transported to the Chicago Police Department located at 727 East 111th Street, Chicago, Illinois for processing.

11. As the proximate result of all the aforementioned actions by Defendants Watkins, Quarterman, John Doe #1 and #2, the Plaintiff suffered loss of freedom, bodily injury

and pain and suffering.

12. Thereafter, Plaintiff was charged with a criminal offense, which was terminated in the Plaintiff's favor on January 19, 2010 in a manner consistent with the innocence of the Plaintiff.

### COUNT I – 42 U.S.C. § 1983 Excessive Force
(Plaintiff v Defendants Chicago Police Officer Watkins)

13. Plaintiff re-alleges all prior allegations.

14. The actions of Defendants Chicago Police Officer Watkins in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

15. As the proximate result of all of the aforementioned actions by Defendants Chicago Police Officer Watkins, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering and psychological damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendant Watkins and because Defendant Watkins acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

### COUNT II – 42 U.S.C. §1983 Failure to Intervene
(Plaintiff v. Defendants Quarterman, John Doe #1 and #2.)

16. The Plaintiff re-alleges what has been previously alleged in this complaint.

17. The actions or inaction of Defendants Quarterman, John Doe #1 and #2 in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable force despite the duty and opportunity to do so violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were the direct and proximate cause of Plaintiff's injuries described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Quarterman, John Doe #1 and #2 because Defendants Quarterman, John Doe #1 and #2 acted maliciously, wantonly, or oppressively, substantial punitive damages, plus costs of this action, plus attorney's fees and such other additional relief as this Court deems equitable and just.

## COUNT II – 42 U.S.C. § 1983 False Arrest
(Plaintiff v. Defendants Watkins and Quarterman)

18. Plaintiff re-alleges what has been previously alleged in this Complaint.

19. The actions of Defendants Watkins and Quarterman in falsely seizing, searching and ultimately arresting the Plaintiff without probable cause violated his rights under the Fourth Amendment to the United States Constitution to be secure in his persons, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

20. As the proximate result of all the aforementioned actions by Defendants Watkins and Quarterman, Plaintiff suffered loss of freedom, bodily injury, pain and suffering and

psychological damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendants Watkins and Quarterman and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

## COUNT III – Illinois State Law Claim of Battery

(Plaintiff v. Defendant City of Chicago)

21. Plaintiff re-alleges what has been previously alleged in this Complaint.
22. One or more Chicago Police Officers with the Defendant City of Chicago physically abused the Plaintiff, and these officers committed these intentional acts of harmful and/or offensive contact against the Plaintiff, and were without provocation or legal justification.
23. The actions of one or more of these City of Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.
24. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs of this action, plus any and other additional relief as this court deems equitable and just.

## COUNT IV – Illinois State Law Claim of False Imprisonment

(Plaintiff v. Defendant City of Chicago)

25. Plaintiff re-alleges what has been previously alleged in this Complaint.

26. One or more of Chicago Police Officers with the City of Chicago, placed handcuffs on the Plaintiff and arrested him, thus restricting his freedom of movement, and this was done without legal justification.

27. The actions of one or more Chicago Police Officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

28. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

## COUNT V – Illinois State Law Claim of Malicious Prosecution

(Plaintiff v. Defendants Watkins and City of Chicago)

29. Plaintiff re-alleges what has been previously alleged in this Complaint.

30. Plaintiff was falsely charged by Defendant Watkins with a criminal offense, even though Defendant Watkins knew there was no probable cause for these charges to be filed against the Plaintiff. The Defendant took such actions with malice intent to prosecute the Plaintiff.

31. In taking these actions, Defendant Watkins acted within the course and scope of his employment with the City of Chicago, and thus the City of Chicago is liable based on the theory of respondeat superior.

32. On January 19, 2010, all charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.

33. As a result of the actions described in this complaint, the Plaintiff suffered physical and emotional damages.

WHEREFORE, Plaintiff demands compensatory damages against Defendants Watkins and City of Chicago, plus punitive damages against Watkins, plus costs, and other and additional relief as this court deems equitable and just.

### COUNT VI – Indemnification (Federal Claims Only)
(Plaintiff v. City of Chicago)

34. Plaintiff re-alleges what has been previously alleged in this Complaint.

35. Defendant City of Chicago is the indemnifying entity for the actions described above, of Defendants Watkins, Quarterman, John Doe #1 and #2 who took their actions while acting under the color of law and in the course and scope of his employment with the City of Chicago.

WHEREFORE, should Defendants Watkins and Quarterman, John Doe #1 and #2 be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) he obtains thereon.

### COUNT IV- Claim for Respondeat Superior

36. Plainitff re-alleges what has been previously alleged in this Complaint.

37. The aforesaid acts of the Defendant Officers were in the scope of employment and

therefore the Defendant City of Chicago, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the Defendant Officers be found liable for any state claims alleged herein, Plaintiff demands judgment against the City of Chicago and such other additional relief, as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

By: __/s/ Michael Schmiege_____

Michael Schmiege
Attorney for Plaintiff

Law Offices of Michael P. Schmiege, P.C.
4633 S. Ashland Avenue
Chicago, Illinois 60609
(312)218-8050 (phone)
(312)626-2401 (fax)
#6287317